IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC
2005 SEP 13 P 1:48

| | |
|---|---|
| John Timothy Smith, #233610, ) | C. A. No. 2:04-23334-23AJ |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| C/O Lacorick Bridges and the South ) Carolina Department of Corrections, ) | |
| Defendants. ) | |

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by a state prisoner proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motions for summary judgement. 28 U.S.C. § 636(b).

On December 20, 2004, the plaintiff, John Timothy Smith, sued Lacorick Bridges, a correctional officer at McCormick Correctional Institution (MCI), and the South Carolina Department of Corrections (SCDC). He alleged that the defendants subjected

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

him to constitutionally excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Smith sought damages and equitable relief.

The defendants filed a motion for summary judgment on June 10, 2005. On June 20, 2005, the plaintiff was provided a copy of the defendants' summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff filed a pleading denominated "Notice & Motion for Emergency Order Pursuant to Rule 12 and Rule 56 Fed.R.Civ.P., 'Objection to the Magistrate Judge's Report and Recommendation'" in response to the Roseboro order on July 7, 2005. Hence it appears consideration of the motions is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record

that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed.R.Civ.P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

A review of the record and relevant case law reveals the motion should be granted.

## FACTS

The facts for purposes of the defendants' motion, either undisputed or taken in the light most favorable to the plaintiff as the non-moving party, and all reasonable inferences therefrom, to the extent supported by the record are as follows.

The plaintiff is incarcerated in the special management unit (SMU), the highest security level, at MCI. On August 27, 2003, correctional officers Lacorick Bridges and Silas Lovett were taking SMU inmates for showers. The officers were attempting to place restraints on the plaintiff to take him to the shower. After the handcuff was placed on the plaintiff's left wrist, the plaintiff admittedly refused to allow the placement of the right handcuff and told Bridges to call Lt. Stevens. Bridges pulled the plaintiff's arm through the cell door, according to the plaintiff causing great injury. Bridges affied that the plaintiff grabbed the restraints from his hands and Bridges gave him a direct order to stop. It is undisputed that Bridges administered 36 grams of chemical munitions in an attempt to gain the plaintiff's compliance with his order. The plaintiff then complied with Bridges' order to allow handcuffing.

The plaintiff was given a shower and a registered nurse, Donna J. Cooper, was called pursuant to standard operating

4

procedure because there had been a use of force. However, the plaintiff refused to be seen by medical and signed a refusal slip. The plaintiff alleges that his arm was badly injured, that he bled, was scarred, and caused great pain and mental distress. The plaintiff contends that he refused to be seen by the nurse "because a mentally competent adult has a right under both common law and Fourteenth Amendment to refuse medical treatment." (Opposition p. 2).

The next time the plaintiff sought medical care was on September 15, 2003, for complaints concerning his stomach, and dry skin and scalp. He was examined and given medication. Medical records generated at that time noted that the plaintiff had "a scratch on his upper left arm."

### USE OF EXCESSIVE FORCE

The question of whether excessive force was used must be analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment. In <u>Stanley v. Hejirika</u>, 134 F.3rd 629, 634 (4th Cir. 1998), the United States Court of Appeals for the Fourth Circuit stated "not every unpleasant action taken by prison officials against inmates ... violates the Eighth Amendment. 'After incarceration, only the unnecessary and wanton infliction of pain constitutes ... cruel and unusual punishment forbidden by the Eighth Amendment.'" quoting <u>Whitley v. Albers</u>, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986).

5

In order to establish an Eighth Amendment claim for excessive use of force, a prisoner must meet both a subjective and objective requirement. In <u>Hudson v. McMillian</u>, 503 U.S. 1, 6, 112 S.Ct. 995, 998, (1993), the United States Supreme Court found that to establish the subjective component, a prisoner must show that the officers "inflicted unnecessary and wanton pain and suffering." The Court further stated that this question "ultimately turns on 'whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" <u>Id</u>. (quoting <u>Whitley</u>, 475 US at 320-321, 106 S.Ct. at 1085).

In the instant case, it is undisputed that the plaintiff refused to obey Bridges' order that he be handcuffed. Bridges pulled the plaintiff's arm and administered a burst of chemical munitions to gain compliance. These actions are not the actions of one seeking to "maliciously and sadistically" cause the plaintiff harm, but rather were the actions of a person seeking to restore discipline. Only 36 grams of chemical munitions was used by Bridges. Plaintiff's medical records show no medical complaints as a result of the chemical munitions and indicate only a minor abrasion to the plaintiff from this incident.

Second, a prisoner must satisfy the objective requirement that the officer's actions under the circumstances were "objectively harmful enough" to offend "contemporary standards of

6

decency." Hudson, 503 U.S. at 8, 112 S.Ct. at 1000. In reaching an objective determination, the court must evaluate the force applied against the need for force and the context in which the circumstances arose. Stanley at 634.

Here it appears that the plaintiff cannot satisfy the objective requirement. Officer Bridges' use of force was directly related to the legitimate purpose of facility security. Further, in Norman v. Taylor, 25 F.3d 1259 (4th Cir. 1994), the Fourth Circuit dealt with the issues of de minimis force and injury. In that case the plaintiff was awaiting processing at the Norfolk City Jail. According to the plaintiff, he was attempting to smoke a cigarette in a "no smoking" area. The plaintiff alleged that the defendant officer swung cell keys in his face, striking his right hand. The defendant denied striking the plaintiff. As a result, the plaintiff alleged the officer's actions caused his hand to swell. At the time of the appeal of the order granting summary judgment to the defendant, the plaintiff continued to complain of pain to in right thumb and his hand on rainy or cold days. Id. at 1260-1262.

In its analysis, the court, quoting Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995, 1000 (1992), stated that "de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind'" do not rise to the level of a constitutional violation. (quoting Whitley v. Albers,

7

475 U.S. 312, 327 (1986)). After analyzing the treatment of de minimis force and injury by other circuits, the Fourth Circuit held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Norman at 1263. The court went on to state, "De minimis injury can serve as conclusive evidence that de minimis force was used ...", Norman, at 1262. "[Temporary] swelling and irritation is precisely the type of injury this Court considers de minimis." Taylor v. McDuffie, 155 F.3d 479, 484 (1998); see also, Marshall v. Odom, 156 F.Supp.2d 525 (Md. 2001) (headache, facial abrasion, knots on head, arms, back, legs allegedly the result of an officer kicking and beating was de minimis); Outlaw v. Newkirk, 259 F.3d 833 (7th Cir. 2001) (inmate alleging cuffport door slammed on hand held to be minor injury insufficient to sustain claim).

Here, the plaintiff did not believe he needed medical attention following the incident, and the medical records do not show anything other than, at most, de minimis injuries to the plaintiff. Therefore, on this record it appears that the defendants are entitled to judgment as a matter of law.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended the defendants' motions for summary judgment be granted, all other motions be deemed moot, and this case ended.

Respectfully Submitted,

S/Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

September 13, 2005

9

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, *supra*; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
Post Office Box 835<br>
Charleston, South Carolina 29402