IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Timothy Smith, #233610, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 2:04-23334-23 |
| vs. ) | **ORDER** |
| ) | |
| C/O Lacorick Bridges and the South ) | |
| Carolina Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon Plaintiff John Timothy Smith's ("Smith" or "Plaintiff") objections to the Magistrate Judge's recommendation that summary judgment be entered in favor of Defendants. The record contains a report and recommendations of the United States Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Smith has filed timely objections to the R&R.

## I. BACKGROUND

The facts, either undisputed or taken in the light most favorable to Plaintiff as the non-moving party are as follows:

Smith is incarcerated in the special management unit (SMU), the highest security level, at MCI. On August 27, 2003, correctional officers Lacorick Bridges ("Bridges") and Silas Lovett were taking SMU inmates for showers. Bridges attempted to place restraints on Smith, but Smith refused to have his right arm handcuffed. Smith requested that Bridges call Lt. Joseph Stevens. Bridges then pulled Smith's left arm through the cell door, causing his arm to be scratched and bleed. Smith grabbed the restraints from Bridges' hands and Bridges ordered him to stop. There was a brief

struggle between Smith and Bridges, in which Bridges administered 36 grams of chemical munitions in an attempt to gain Smith's compliance with his order. Smith then complied with Bridges' order to allow handcuffing.

Following this use of force, a registered nurse, Donna J. Cooper, was called pursuant to standard operating procedure. Smith refused to be seen to be given medical care and signed a refusal slip. Smith alleges that his arm was badly injured and that he bled, was scarred, and suffered great pain and mental distress. Smith next sought medical care on September 15, 2003, for complaints concerning his stomach, dry skin and dry scalp. The medical records generated at that time noted that Smith had a "scratch on his upper left arm." Again, on September 30, 2003, Smith complained that his left shoulder "is painful after officer pulled his arm through the flap." (Med. Summary at 13.) At this time, the medical record notes that there is some "left arm-pain with abduction and external rotation." (Med. Summary at 13.) An x-ray was taken of Smith's left arm on October 16, 2003. (Med. Summary at 12.) The results of the x-ray are not in the medical record, nor does the medical summary describe any physical evidence of the pain of which Smith complains other than the "scratch" noted on September 15.

On December 20, 2004, Smith sued Bridges and the South Carolina Department of Corrections ("SCDC") alleging that Defendants subjected him to constitutionally excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Smith seeks damages and equitable relief.

## II. STANDARD OF REVIEW

### A. The Magistrate Judge's R&R

This court is charged with conducting a *de novo* review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the

recommendations contained in that report. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for those objections. *Id.* After a review of the entire record, the R&R, and Smith's objections, the court finds that the Magistrate Judge summarized the facts and applied the correct principles of law. Accordingly, the R&R is adopted in full and specifically incorporated into this Order.

> **B.     Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

**C.     The Eleventh Amendment**

As a preliminary matter, the court considers *sua sponte* whether it has jurisdiction to hear the claims asserted. Federal courts, on their own, may raise questions of subject matter jurisdiction. If there is no jurisdiction, there is no authority to sit in judgment of anything else. *Vermont Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 778-79 (U.S. 2000).

In *Quern v. Jordan*, 440 U.S. 332 (1979), the Supreme Court held that the Eleventh Amendment bars § 1983[1] suits against state governments in federal court. An agency of state government, such as the South Carolina Department of Corrections, is a part of the state for purposes of the Eleventh Amendment. *See Florida Dept. of Health & Rehabilitative Servs. v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981); *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459 (1945). Under the Eleventh Amendment, the court has no jurisdiction to consider a § 1983 suit against the SCDC and must, therefore, dismiss this claim. The court now considers Plaintiff's objections as they pertain to the claim against the remaining Defendant, Officer Lacorick Bridges.

### III.  OBJECTIONS

Plaintiff seems to be making two objections to the R&R: (1) that his claim is not moot; and (2) that the Magistrate erred in finding that the injury alleged by Plaintiff was *de minimus*.

**(1) Plaintiff's mootness argument is irrelevant.**

Plaintiff argues that a correctional facility's voluntary cessation of offending conduct does not moot a Plaintiff's request for injunctive or monetary relief. (Pl. Obj. at 2-4.) This is certainly

---

[1] 42 U.S.C. § 1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

an accurate statement of law; however, this argument is not applicable to the case at hand. After reviewing the record, the Magistrate Judge recommended that the Defendant's motion for summary judgment be granted because Plaintiff failed to introduce evidence that supported his claim of excessive use of force. Then, in the final sentence of the R&R, the Magistrate concluded, "it is recommended [that] the defendants' motions for summary judgment be granted, all other motions be deemed moot, and this case ended." (R&R at 9.) This sentence should be understood to mean that the granting of summary judgment for the Defendants makes the Plaintiff's other pending motions, both for default judgment, moot. This is the only mention of mootness in the R&R. The Magistrate does not assert that Plaintiff's § 1983 excessive force claim is moot. As such, mootness was not the reason the Magistrate recommended that the Defendants' motion be granted. Accordingly, the Plaintiff's argument that his claim is not moot is irrelevant to the Magistrate's recommendation that summary judgement be granted.

**(2) The Magistrate did not err in finding that the injury alleged by Plaintiff was *de minimus* and thus summary judgment is appropriate.**

While the court has some difficulty following the arguments of Plaintiff, the court reads his objections broadly to find an objection to specific factual findings. The fact Smith was acting *pro se* encourages the court to give his objections such a broad reading. *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir.1982); *Sutphin v. Landon,* 803 F.2d 1181 (4th Cir. 1986). As understood by the court, Plaintiff argues that, contrary to the Magistrate's finding of *de minimus* injury, there is sufficient evidence in the record of substantial injury to support an excessive force claim.

As the Magistrate correctly notes, in order to establish an Eighth Amendment claim for excessive use of force, a prisoner must meet both a subjective and objective requirement. (R&R at 6.) The objective requirement is satisfied if the officer's actions under the circumstances were

"objectively harmful enough" to offend "contemporary standards of decency." *Hudson v. McMillan*, 503 U.S. 1, 8 (1993). The court must evaluate the force applied against the need for force and the context in which the circumstances arose. *Stanley v. Hejirika*, 134 F.3d 629, 634 (4th Cir. 1998). A *de minimus* use of physical force, provided it is appropriate to the circumstances, does not rise to the level of a constitutional violation. *See Norman v. Taylor,* 25 F.3d 1259 (4th Cir. 1994). The fact that the record shows only a *de minimus* injury "can serve as conclusive evidence that *de minimus* force was used." *Id.* at 1262. Absent the most extraordinary circumstances, *de minimus* injuries - like scratches, swelling, bruises - will not support an Eighth Amendment excessive force claim. *Id.* at 1263.

After reviewing the record, the court finds that the Magistrate correctly found that Plaintiff's injury was *de minimus* and thus incapable of supporting an excessive force claim in light of the fact that Defendant Bridges' use of force was in response to Plaintiff's admitted refusal to obey a direct order. Plaintiff argues that the medical record of September 15, 2003, that identifies "a scratch on his upper left arm" as well as the fact that an x-ray of his left arm was taken on October 7, 2003, presents evidence of serious injury. Plaintiff also asserts that the scar on his arm as well as the documented history of "shoulder pain" is sufficient to prove that he was maliciously and sadistically caused harm by Officer Bridges. (Pl. Obj. at 4-5.) The court does not agree. The injuries alleged by Plaintiff and supported by the record - abrasion on left arm and unsubstantiated complaints of shoulder pain - are clearly *de minimus*.[2] Plaintiff did not believe he needed medical attention

---

[2] The Magistrate refers to the following cases: *Taylor v. McDuffie*, 155 F.3d 479 (1998) ("[Temporary] swelling and irritation is precisely the type of injury this Court considers *de minimus*."); *Marshall v. Odom,* 156 F.Supp.2d 525 (2001) (headache, facial abrasion, knots on head, arms, back, legs allegedly caused by an officer kicking and beating was *de minimus*); *Outlaw v. Newkirk*, 259 F.3d 833 (7th Cir. 2001) (inmate alleging the cuffport door slammed on hand held to be minor injury insufficient to sustain claim).

directly following the use of force, and there is no evidence in the medical record to show anything more than minor injury.

As such, the Magistrate did not err in finding that Defendants' use of force in compelling Plaintiff to comply with a direct order did not satisfy the requirement of being "objectively harmful enough to offend contemporary standards." Accordingly, after considering the entire record, the court finds that the Magistrate properly determined that Defendants are entitled to judgment as a matter of law.

### IV.  CONCLUSION

It is, therefore,

**ORDERED,** for the foregoing reasons, that the Defendants Lacorick Bridges and South Carolina Department of Corrections's Motion for Summary Judgment is **GRANTED**, all other motions are deemed moot, and this case is ended.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 20, 2005**